UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., formerly known as DAYS INN OF AMERICA, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SCJ HOSPITALITY, INC., a South Carolina Corporation, SUNIL PATEL, an individual and C.B. PATEL, an individual,<br><br>    Defendants. | Civil Action No. 13-1284 (ES) (JAD)<br><br>OPINION & ORDER |

**SALAS, District Judge**

This action comes before the Court on the motion of Plaintiff Days Inn Worldwide, Inc.'s motion ("Days Inn" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions (D.E. No. 7), and it appearing that:

1. Plaintiff commenced this civil action on March 5, 2013. (*See* D.E. No. 1).

2. On March 5, 2013, the Summonses were issued for Defendants, SCJ Hospitality, Inc., Sunil Patel and C.B. Patel ("Defendants"). (D.E. No. 2).

3. Despite diligent efforts and inquiry, identifying addresses and attempting personal service on three separate occasions, Recon Management Group was unable to serve Defendants. (D.E. No. 7-2, Cert. of Bryan P. Couch in Support of Motion for Final Judgment By Default ("Couch Cert."), Ex. A).

4. Plaintiff asserts, that for each of the Defendants "the address is correct and . . .

Defendant[s are] evading service of process in this matter.  (D.E. No. 7-2, Couch Cert., Ex. A, Affidavits of Diligent Efforts).

5. By letter dated April 24, 2013, pursuant to N.J. Ct. R. 4:4–4b, Plaintiff served Defendants with the Summonses and Complaint via certified and regular mail.  (D.E. No. 7-2, Couch Cert., Ex. B).

6. The Court is satisfied that Plaintiff has complied with New Jersey law regarding service of process and diligent inquiry and efforts were made to effectuate personal service.  *See Ramada Worldwide Inc. v. Kim*, No. 09-4534, 2010 WL 2879611, at *2-*3 (D.N.J. July 15, 2010).

7. The time for answering the Complaint has expired, and the Defendants have not been granted an extension of time within which to answer and have failed to interpose an answer or otherwise respond to the Complaint.

8. On May 22, 2013, Plaintiff sent the Clerk of Court a request that default be entered against Defendants.  (*See* D.E. No. 5).

9. On May 23, 2013, the Clerk of Court entered default as to Defendants.

10. By letter dated May 31, 2013, Plaintiff served Defendants with a copy of said Default upon Defendants.  (D.E. No. 7-2, Couch Cert., Ex. C).

11. On July 26, 2013, Plaintiff filed the present motion seeking default judgment against Defendants.  (*See* D.E. No. 7).  Plaintiff has provided the Defendant with notice of the motion for default judgment and related documentation.  (*See id.*).

12. To date, Defendants have not opposed Plaintiff's motion for default judgment.  Thus, the Court accepts the allegations of the Complaint as true and admitted by the Defendant.  *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895,

2011 WL 2909321, at *2 (D.N.J. July 18, 2011). For that reason, the Court finds that Plaintiff's allegations establish breach of the license agreement. Plaintiff's allegations further demonstrate that Plaintiff is entitled to the attorneys' fees and costs that have been incurred as a result of having to enforce its interests.

13. Therefore, this Court concludes that entry of default judgment against Defendants is warranted for the following two reasons. First, Defendants are culpable because they have not proffered a meritorious defense in response to Plaintiff's claims. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Second, Plaintiff has suffered economic loss as a result of Defendants' failure to respond and will continue to suffer if Plaintiff's motion for default judgment is not granted.

Accordingly, IT IS on this 13th day of January, 2014,

**ORDERED** that judgment is entered against Defendants, SCJ Hospitality, Inc., Sunil Patel and C.B. Patel, jointly and severally, in favor of Plaintiff in the total amount of $344,101.45, comprised of the following:

    a) $263,640.26 for liquidated damages (principal of $185,000 plus prejudgment interest through August 19, 2013) plus any prejudgment interest accrued from August 20, 2013 through the date this Order is issued. (D.E. No. 7-3, Aff. Of Michael Piccola in Support of Motion for Final Judgment By Default ("Piccola Aff.") §§ 18, 24-27).

    b) $75,551.56 for recurring fees (principal plus prejudgment interest through July 25, 2013) plus any prejudgment interest accrued from July 26, 2013

through the date this Order is issued.  (Picola Aff. § 19, Ex. E).

c) $4,909.63 for attorneys' fees and costs ($3,900.00 in attorneys' fees and $1,009.63 in costs).  (Couch Cert. §§ 10-12, Ex. D; Picola Aff., Ex. F).

**ORDERED** that the Clerk of Court shall mark this case CLOSED.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**